**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria, | No. CV-25-08192-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Spectrum Healthcare Group Incorporated, | |
| Defendant. | |

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), and motion for electronic filing privileges (Doc. 4).

**I.   IFP APPLICATION**

A party may file a lawsuit without paying the filing fee if the Court grants leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. § 1915.[*] "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). To proceed IFP in the District of Arizona, plaintiffs must establish their inability to pay by filing an Application, which is an affidavit describing the applicant's inability to pay costs and a complete statement of all income and assets. *See* LRCiv 3.3. Plaintiff's Application shows that he does not have sufficient funds to pay the filing fee and still afford the necessities of life. (Doc. 2); *Escobedo*, 787 F.3d at 1234. The Court will

---

[*] Section 1915 largely concerns prisoner litigation, but § 1915(e) applies to all IFP proceedings in the Ninth Circuit. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

1    grant his application to proceed IFP.

2    **II.    MOTION FOR ELECTRONIG FILING**

3     Plaintiff also moves to be permitted to file electronically in this action. (Doc. 4.)
4    The Court will grant this motion. Plaintiff is directed to review the conditions to which he
5    is subject at the end of this Order.

6    **III.    STATUTORY SCREENING OF IFP COMPLAINTS**

7     The Court is required to screen complaints brought in forma pauperis. 28 U.S.C. §
8    1915(e)(2). The Court must dismiss a complaint, or any portion thereof, if a plaintiff has
9    raised claims that are legally frivolous or malicious, that fail to state a claim upon which
10   relief may be granted, or that seek monetary relief from a defendant who is immune from
11   such relief. *Id.*

12   **IV.    DISCUSSION**

13    Plaintiff's claims against Defendant Spectrum Healthcare Group, Inc. arise out of
14   its alleged "internal policies that prevent its licensed medical professionals from
15   participating in federally required Social Security Administration (SSA) disability
16   assessments," which "obstructs a federally protected process and deprives Plaintiff of his
17   constitutional right to a fair administrative proceeding." (Doc. 1 at 2.)

18    He alleges that he receives "treatment through [Arizona's] Medicaid (AHCCCS)
19   system, and is a claimant in a pending SSA disability case." (*Id.* at 3.) Defendant, on the
20   other hand, "contracts with" and is the "primary behavioral healthcare provider" for
21   AHCCCS. (*Id.* at 2-4.) In Plaintiff's SSA case, his "treating clinicians were sent
22   functionality questionnaires used by SSA to assess limitations," but the forms were "never
23   completed." (*Id.* at 4.) When contacted by Plaintiff, Defendant stated that it "has a policy
24   not to complete SSA forms or functionality reports under any circumstance." (*Id.*) Thus,
25   Plaintiff claims, Defendant's policy "effectively prevents low-income patients on
26   AHCCCS from submitting functional evidence required to succeed in a federal benefits
27   process." (*Id.*)

28    Plaintiff asserts claims for violations of his constitutional rights under 42 U.S.C.

1  § 1983, violations of procedural due process, declaratory and injunctive relief, and
2  Defendant's failure to respond to his pre-suit resolution attempt. (*Id.* at 5-7.)

3      At this preliminary screening stage, the Court finds that Plaintiff's first three claims
4  for relief may proceed and the fourth is dismissed with leave to amend. Plaintiff has
5  plausibly alleged facts from which an inference can be drawn that Defendant is a state actor
6  and arbitrarily interfered with his ability to pursue social security benefits. *See Filarsky v.*
7  *Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the
8  State' can be sued as a state actor under § 1983." (quoting *Lugar v. Edmondson Oil Co.*,
9  457 U.S. 922, 937 (1982))); *Koch v. Sec'y of Dep't of Health, Educ. & Welfare*, 590 F.2d
10 260, 263 (8th Cir. 1978) ("The Supreme Court has acknowledged . . . that there is still a
11 sufficient property interest in social security benefits to fall within the protection against
12 arbitrary governmental action afforded by the Due Process Clause."). The Court thus
13 allows Plaintiff's first three claims to proceed past this preliminary screening, but it does
14 so without prejudice to Defendant making any motions it deems appropriate. *Coleman v.*
15 *Maldonado*, 564 F. App'x 893, 894 (9th Cir. 2014) (per curiam) (a district court may
16 properly grant a motion to dismiss despite a prior screening order finding the complaint
17 stated a claim); *Jones v. Sullivan*, 2020 WL 5792989, at *5 (N.D.N.Y. 2020) ("A court's
18 initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under
19 Fed. R. Civ. P. 12(b)(6).").

20     As for the fourth claim, however, Plaintiff has not alleged any facts suggesting that
21 Defendant was required, by contract or otherwise, to engage in a pre-suit negotiation
22 process. This claim is thus dismissed. Plaintiff will be given leave to amend because this
23 claim could be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122,
24 1130 (9th Cir. 2000) (en banc).

25 **V.  CONCLUSION**
26     Accordingly,
27     **IT IS ORDERED** granting Plaintiff's application to proceed in forma pauperis.
28 . . . .

**IT IS FURTHER ORDERED** granting Plaintiff's motion to allow electronic filing by a party appearing without an attorney (Doc. 4) in this case only. Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) **within five days of the date of this Order** (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

<u>Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.</u>

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Order to the Attorney Admissions/Admin Clerk.

**IT IS FURTHER ORDERED** that Plaintiff may file a First Amended Complaint ("FAC") and amend his fourth claim against Defendant within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff files a FAC, the Clerk of Court shall not issue summons until the Court screens the FAC and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FINALLY ORDERED** that if Plaintiff does not file a FAC within 14 days of this Order, service by waiver or service of the summons and Complaint shall be at government expense on Defendant by the United States Marshal or his authorized representative. *See* 28 U.S.C. § 1915(d).

The Court directs the following if Plaintiff does not file a FAC:

(1) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, USM-285, and both summons and request for waiver forms for

Defendant.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within **30 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order. If Plaintiff does not timely return the service packet, this action may be dismissed.

(3) If Plaintiff does not either obtain a waiver of service of the Summons or complete service of the Summons and Complaint on the defendants within **90 days** of this Order, the action may be dismissed. Fed. R. Civ. P. 4(m).

(4) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the Summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(6) If Defendant agrees to waive service of the Summons and Complaint, it must return the signed waiver forms to the United States Marshal, not Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(7) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon the defendants pursuant to Federal Rule of Civil Procedure 4(e)(2); and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying

additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant(s) pursuant to Federal Rule of Civil Procedure 4(d)(2), unless otherwise ordered by the Court.

Dated this 29th day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge